United States District Court
Southern District of Texas
**ENTERED**
February 03, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CRIMINAL ACTION NO. 23-530 |
| § | |
| CRYSTALLYNN DENINE YEGGINS, § | |
| § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER
### DENYING MOTION FOR RELEASE PENDING APPEAL
### OR EXTENSION OF SURRENDER DATE

Pending before the court is Defendant's Opposed Motion for Release Pending Appeal and, in the Alternative, Motion for 45-Day Extension of Her Date to Surrender to the United States Bureau of Prisons ("Defendant's Motion") (Docket Entry No. 56). The United States has filed a Response in Opposition to Defendant's Motion for Bond Pending Appeal or Extension of Surrender Date ("United States' Opposition") (Docket Entry No. 58), and Defendant has filed a Reply to the United States' Response in Opposition to Defendant's Motion for Bond Pending Appeal or Extension of Surrender Date ("Defendant's Reply") (Docket Entry No. 59). In her reply, Ms. Yeggins withdraws her request for release pending appeal,[1] and reurges her request for a 45-day extension of her surrender date. Because Ms. Yeggins fails to persuade the court that her surrender date should be extended, her motion will be denied.

---

[1] Defendant's Reply, Docket Entry No. 59, pp. 1-2.

1

## I. **Background**

On November 2, 2023, Ms. Yeggins was charged in a single-count Information with conspiracy to pay and receive healthcare kickbacks, in violation of 18 U.S.C. § 371.[2] On November 9, 2023, Ms. Yeggins was granted an appearance bond.[3] On November 17, 2023, Ms. Yeggins plead guilty to Count One of the Information pursuant to a written plea agreement.[4] On November 27, 2024, Ms. Yeggins was sentenced to a 10-month term of custody in the Bureau of Prisons ("BOP") to be followed by two years of supervised release.[5] The court specifically allowed a surrender date after the holiday season.[6] On December 11, 2024, Ms. Yeggins was ordered to surrender on January 9, 2025.[7] On that same day, Ms. Yeggins filed a Notice of Appeal (Docket Entry No. 39), and on December 17, 2024, she filed a Motion for New Surrender Date (Docket Entry No. 42). By Order (Docket Entry No. 44) entered on December 17, 2024, the court granted her motion for a new surrender date and ordered her to surrender to the BOP on February 6, 2025.

---

[2] Information, Docket Entry No. 1.

[3] Appearance Bond, Docket Entry No. 6.

[4] Minute Entry for Rearraignment, Docket Entry No. 13. See also Plea Agreement, Docket Entry No. 14 (filed under seal).

[5] Minute Entry for Sentencing, Docket Entry No. 33.

[6] Id.

[7] Order to Surrender, Docket Entry No. 37.

Ms. Yeggins has complied with her conditions of release and has always appeared in court as ordered.[8] She has a 19-year old son who lives with her, suffers from diabetes, and relies on her to manage his condition, which includes daily injections.[9]

## II. **Analysis**

Ms. Yeggins seeks a 45-day extension of her surrender date so that her counsel can evaluate the merits of a request for release pending appeal under 18 U.S.C. § 3143(b)(1). In pertinent part § 3143(b)(1) states that

> a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--
>
>> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and
>>
>> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>>
>>> (i) reversal,
>>>
>>> (ii) an order for a new trial,
>>>
>>> (iii) a sentence that does not include a term of imprisonment, or
>>>
>>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

---

[8]PreSentence Investigation Report, Docket Entry No. 24, p. 3 ¶¶ 3-4 (filed under seal).

[9]Id. at 10-11, ¶ 49.

18 U.S.C. § 3143(b)(1). Defendant bears the burden of proving by clear and convincing evidence that the requirements of § 3143(b)(1) are satisfied. See United States v. Williams, 822 F.2d 512, 517 (5th Cir. 1987).

Ms. Yeggins contends that she cannot reasonably argue that she meets the requirements of § 3143(b)(1) until the appellate record is available for her counsel to review.[10] Asserting that "[a]s of January 28, 2025, the necessary transcripts have been ordered and prepared (Dkt. Nos. 50, 53)," Ms. Yeggins argues that "[t]he record, therefore, should be available within a matter of weeks."[11] She argues that once the record is available, her counsel

> should be able to identify whether there is a "substantial question of law or fact" that justifies release pending appeal under 18 U.S.C. § 3143(b) within 14 to 21 days. If such a question is presented, a motion for release pending appeal can be drafted within a day.[12]

Ms. Yeggins also argues that she is "working to find someone who is willing to move into her home and watch after her son. Extending the surrender date will facilitate her being able to do so."[13]

Asserting that Ms. Yeggins has had over two months to organize her affairs prior to imprisonment, and that the court has already

---

[10]Defendant's Motion, Docket Entry No. 56, p. 4; Defendant's Reply, Docket Entry No. 59, p. 2.

[11]Defendant's Motion, Docket Entry No. 56, p. 4.

[12]Id.

[13]Id.

granted her additional time to surrender, the United States urges the court to deny the pending motion because "there is no certainty that she will not be back requesting more time again."[14] The United States also argues that Ms. Yeggins' request for additional time to surrender should be denied because she "waived her right to appeal in her signed plea agreement,"[15] and she

> has not and cannot establish by clear and convincing evidence that the questions she intends to raise in [her] appeal constitute substantial questions of law or fact that are likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.[16]

Because Ms. Yeggins has waived her right to appeal, the court is not persuaded that extending her surrender date until her counsel has had an opportunity to review the record on appeal is reasonable. Since, moreover, the court has already granted a motion to extend Ms. Yeggins' surrender date, the court is not persuaded that she should be afforded an additional extension of time to facilitate her ability to find someone willing to live in her house and care for her 19-year old son.

---

[14] United States' Opposition, Docket Entry No. 58, p. 3.

[15] Id. at 3-4.

[16] Id.

### III. Conclusions and Order

For the reasons stated above, Defendant's Opposed Motion for Release Pending Appeal and, in the Alternative, Motion for 45-Day Extension of Her Date to Surrender to the United States Bureau of Prisons, Docket Entry No. 56, is **DENIED**.

**SIGNED** at Houston, Texas, this 3rd day of February, 2025.

---
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE