IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v.  § | CRIMINAL ACTION NO. 23-530 |
| § | |
| CRYSTALLYNN DENINE YEGGINS, § | |
| § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER
### DENYING SECOND MOTION FOR RELEASE PENDING APPEAL

Pending before the court is Defendant's Second Opposed Motion for Release Pending Appeal ("Defendant's Motion") (Docket Entry No. 63). The United States has filed a Response in Opposition to Defendant's Second Motion for Bond Pending Appeal or Extension of Surrender Date ("United States' Opposition") (Docket Entry No. 65). Because for the reasons stated below Ms. Yeggins fails to persuade the court that she should be released pending appeal, her motion will be denied.

### I. Background

On November 2, 2023, Ms. Yeggins was charged in a single-count Information with conspiracy to pay and receive healthcare kickbacks, in violation of 18 U.S.C. § 371.[1] On November 17, 2023, Ms. Yeggins plead guilty to Count One of the Information pursuant

---

[1]Information, Docket Entry No. 1.

to a written plea agreement.[2]  The plea agreement contained a provision in which Ms. Yeggins waived her right to appeal the conviction.[3]  On November 27, 2024, Ms. Yeggins was sentenced to a 10-month term of custody in the Bureau of Prisons ("BOP") to be followed by two years of supervised release.[4]  On February 6, 2025, Ms. Yeggins self-surrendered to the United States Bureau of Prisons at the FPC Bryan.[5]  On February 3, 2025, the court entered a Memorandum Opinion and Order denying Ms. Yeggins' previous Motion for Release Pending Appeal (Docket Entry No. 60), explaining that she waived her right to appeal and could not demonstrate that her appeal would present a substantial question of law or fact under 18 U.S.C. § 3143(b)(1)(B).[6]

## II. Analysis

Ms. Yeggins has filed her second motion seeking release pending appeal asserting that her appeal "now presents a substantial question."[7]  Citing 18 U.S.C. § 3143(b)(1)(B)(iv), Ms. Yeggins argues that

---

[2]Minute Entry for Rearraignment, Docket Entry No. 13.  See also Plea Agreement, Docket Entry No. 14 (filed under seal).

[3]Plea Agreement, Docket Entry No. 14, pp. 4-5 ¶¶ 8-10. Page numbers for docket entries refer to the pagination inserted at the top of the page by the court's electronic filing system.

[4]Minute Entry for Sentencing, Docket Entry No. 33.

[5]See Order, Docket Entry No. 44, ordering Ms. Yeggins to surrender on February 6, 2025.

[6]See Memorandum Opinion and Order Denying Motion for Release Pending Appeal or Extension of Surrender Date, Docket Entry No. 60.

[7]Defendant's Motion, Docket Entry No. 63, p. 1.

> [r]elease pending appeal is now justified because [her] appeal presents a substantial question that is likely to result in a reduced sentence that is less than the total of the time already served plus the expected duration of the appeal process.
>
> On May 13, 2025, Ms. Yeggins filed her brief asserting that the government breached the plea agreement by failing to recommend a guideline base offense level under U.S.S.G. § 2B1.1. . . This error resulted in a guideline range of 10 to 16 months, rather than 6 to 12 months.[8]

Citing United States v. Cluff, 857 F.3d 292, 297 (5th Cir. 2017), for holding that claims the government breached a plea agreement are not prohibited by appeal waivers, Ms. Yeggins moves the court to release her pending appeal. Ms. Yeggins argues that the government breached its plea agreement with her by failing to object to the calculation of the base offense level in the Pre-Sentence Report ("PSR") under U.S.S.G. § 2B4.1 instead of under U.S.S.G. § 2B1.1 as provided in ¶15 of her plea agreement. Acknowledging that she did not object at sentencing, Ms. Yeggins argues that "[c]laims that the government breached a plea agreement are not prohibited by appeal waivers,"[9] and that although she "did not object at sentencing, . . . plain error review can be satisfied."[10]

The Government responds that

---

[8] Id. at 1-2.

[9] Id. at 2.

[10] Id.

> [t]he Court should deny Defendant's Motion because her claims on appeal fail to satisfy the requirements of 18 U.S.C. § 3143(b)(1) because (1) she waived her right to appeal and there has been no breach by the Government of the plea agreement and (2) due to sentencing calculations discussed below, it is not guaranteed that she would receive a reduced sentencing at a re-sentencing.[11]

**A. Applicable Law**

1. <u>Release Pending Appeal</u>

In pertinent part § 3143(b)(1) states that

a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

---

[11] United States' Response in Opposition to Defendant's Second Motion for Bond Pending Appeal ("United State's Response"), Docket Entry No. 65, p. 1.

18 U.S.C. § 3143(b)(1). Defendant bears the burden of proving by clear and convincing evidence that the requirements of § 3143(b)(1) are satisfied. See United States v. Williams, 822 F.2d 512, 517 (5th Cir. 1987).

### 2. Government Breach of a Plea Agreement

An "alleged breach of a plea agreement may be raised despite a waiver provision." United States v. Purser, 747 F.3d 284, 289 (5th Cir.), cert. denied, 135 S. Ct. 403 (2014) (citing United States v. Pizzolato, 655 F.3d 403, 409 (5th Cir. 2011), cert. denied, 132 S. Ct. 1126 (2012)). See also United States v. Gonzalez, 309 F.3d 882, 886 (5th Cir. 2002) ("where the government has breached . . . a plea agreement, the defendant is necessarily released from an appeal waiver provision contained therein"). In deciding whether the Government breached a plea agreement courts consider "whether the Government's conduct was consistent with the defendant's reasonable understanding of the agreement." Purser, 747 F.3d at 290 (quoting United States v. Munoz, 408 F.3d 222, 226 (5th Cir. 2005)). Plea agreements are "construed strictly against the Government as drafter of the agreement." Id. (citing United States v. Elashyi, 554 F.3d 480, 501 (5th Cir. 2008), cert. denied, 130 S. Ct. 363 (2009)). The defendant bears the burden of demonstrating an alleged breach by a preponderance of the evidence. Id. (citing United States v. Roberts, 624 F.3d 241, 246 (5th Cir. 2010).

**B.     Application of the Law to the Facts**

    1.     <u>The Government Did Not Breach the Plea Agreement</u>

In pertinent part ¶ 15 of Ms. Yeggins' plea agreement states:

The United States and the Defendant agree that the following Sentencing Guidelines are applicable to the Defendant's Guidelines range:

(a)   The United States and Defendant agree to recommend to the Court, based on the Factual Basis for the guilty plea, that the base offense level for Count One, conspiracy to commit offer and pay kickbacks, is determined by Section 2B1.1(b)(1)(C) of the Sentencing Guidelines, because the amount of gain attributable to the Defendant is more than $15,000 but less than $40,000; . . .[12]

The probation officer calculated Ms. Yeggins' base offense level at 8 and, applying U.S.S.G. § 2B1.1(b)(1)(C), calculated her total offense level at 12:

23.   **Base Offense Level:** The United States Sentencing Commission Guideline for a violation of 18 U.S.C. § 371 is found at USSG § 2X1.1.  This guideline instructs the base offense level is to be determined by the base offense level from the guideline for the substantive offense, plus any adjustments from that guideline for any intended offense conduct that can be established with reasonable certainty.  There are two substantive offenses cited in the conspiracy count: a violation of 42 U.S.C. §§ 1320a-7b(b)(1) (soliciting and receiving remuneration, specifically, kickbacks and bribes) and 1320a-7b(b)(1)(2) (offer or pays remuneration, including kickbacks and bribes, directly or indirectly, overtly or covertly), the guideline for which is found at USSG § 2B4.1.  The base offense level pursuant to USSG §§ 2B4.1(a) and 2X1.1(a) is 8.    **8**

---

[12]Plea Agreement, Docket Entry No. 14, p. 8 ¶15.

24. **Specific Offense Characteristics**: Pursuant to USSG § 2B4.1(b)(1)(B), the offense level is increased by the number of levels from the table at USSG § 2B1.1 corresponding to the benefit conferred. The amount of the improper benefit to be conferred is no less than $16,000, which is more than $15,000 but not more than $40,000 and falls under USSG § 2B1.1(b)(1)(C). As such the offense level is increased by 4 levels.   **+4**

. . .

30. **Total Offense Level**:   **12**[13]

Ms. Yeggins argues that instead of "§ 2B1.1, the base offense level in this case was calculated under § 2B4.1, which is two points higher — eight rather than six,"[14] and that because the government failed to recommend the lower base offense level, the agreement was breached.[15]  Ms. Yeggins argues that "[i]f the plea agreement were followed, [her] sentence would have likely been six months, corresponding with the bottom of the lower guideline range. Her release date would be on or about August 14, 2025."[16]

Section 2B1.1 of the U.S.S.G. applies to larceny, embezzlement, and other forms of theft. Although § 2B1.1(a) provides base offense levels for offenses referenced in that guideline, neither conspiracy under 18 U.S.C. § 371 to which Ms. Yeggins plead guilty, nor the substantive offenses cited in the

---

[13] Presentence Investigation Report, Docket Entry No. 24, p. 6 ¶¶ 23-24,

[14] Defendant's Motion, Docket Entry No. 63, p. 3.

[15] Id.

[16] Id.

7

conspiracy account, i.e., soliciting and receiving kickbacks and bribes or offering or paying kickbacks and bribes under 42 U.S.C. § 1320a-7b, are referenced offenses. Appendix A to the U.S.S.G. states that the guidelines applicable to violations of 42 U.S.C. § 1320a-7b are "2B1.1, 2B4.1." Subsection 2B1.1(b) provides additional points for "Specific Offense Characteristics." Subsection 2B1.1(b)(1)(C), which is specifically cited in Ms. Yeggins' plea agreement, provides that "if the loss exceeded $6,500" and is more than $15,000 but is not more than $40,000, "add 4." The "Factual Basis for the Guilty Plea" in Ms. Yeggins' plea agreement states in pertinent part that "[f]rom in or around April 2019 to in or around February 2021, Defendant was paid more than $15,000, but less than $40,000 in illegal kickbacks to refer Medicaid recipients to Floss under this scheme."[17] The reference to U.S.S.G. § 2B1.1(b)(1)(C) in ¶15 of Ms. Yeggins' plea agreement represents the parties' agreement that the specific characteristics of Ms. Yeggins' offense involved an amount that is more than $15,000 but not more than $40,000, and that the addition of four points called for by that section would apply to the calculation of her offense level. Because the guideline range was calculated using § 2B1.1(b)(1)(C), which is applicable to the loss amount referenced in the plea agreement, the court is not persuaded that the Government breached the plea agreement by failing to object to the calculation of the guideline range.

---

[17]Plea Agreement, Docket Entry No. 14, p. 10 ¶17.

2. <u>The Waiver of Appeal Remains Applicable</u>

Because for the reasons stated in the previous section the court is not persuaded that the Government breached the plea agreement, the court is not persuaded that

> the appeal raises a substantial question of law or fact likely to result in— (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). The court concludes, therefore, that the waiver of appeal contained in the plea agreement remains applicable, and that Ms. Yeggins is not entitled to release pending appeal.

### III. Conclusions and Order

For the reasons stated above, Defendant's Second Opposed Motion for Release Pending Appeal, Docket Entry No. 63, is **DENIED**.

**SIGNED** at Houston, Texas, this 17th day of June, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE